## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN TERRANCE COIT, | : | |
| **Plaintiff** | : | |
| | : | **No. 1:22-cv-01277** |
| v. | : | |
| | : | **(Judge Kane)** |
| WYNDER, et al., | : | |
| **Defendants** | : | |

### MEMORANDUM

Pending before the Court is Defendants' motion to dismiss the complaint filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. No. 12.)  Also pending before the Court is pro se Plaintiff Kevin Terrance Coit ("Plaintiff")'s motion seeking the appointment of counsel.  (Doc. No. 13.)  For the reasons set forth below, the Court will grant Defendants' motion and deny Plaintiff's motion.

I.     BACKGROUND

A.     Procedural Background

Plaintiff, a state prisoner in the custody of the Pennsylvania Department of Corrections ("DOC"), is presently incarcerated at State Correctional Institution Rockview in Bellefonte, Pennsylvania.  (Doc. No. 17.)  He commenced the above-captioned action on August 16, 2022, by filing a complaint pursuant to the provisions of 42 U.S.C. § 1983 ("Section 1983"), asserting violations of his constitutional rights while incarcerated at State Correctional Institution Frackville  ("SCI Frackville") in Frackville, Pennsylvania.  (Doc. No. 1.)  Named as Defendants are six (6) individuals all of whom appear to be employed by the DOC and to have worked at SCI Frackville during the period of time relevant to Plaintiff's claims: (1) Wynder; (2) Kephart; (3) Wentzel; (4) Wegrzynowicz; (5) R. Boyce; and (6) Omara.  (Id. at 2–4.)  In addition to the complaint, Plaintiff also filed a motion for

leave to proceed in forma pauperis (Doc. No. 2), as well as his prisoner trust fund account statement (Doc. No. 3).  On September 14, 2022, the Court granted Plaintiff's motion for leave to proceed in forma pauperis, deemed his complaint filed, and directed the Clerk of Court to serve a copy of the complaint upon Defendants.  (Doc. No. 6.)  In the interest of administrative judicial economy, the Court requested that Defendants waive service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  (Id.)

On October 14, 2022, Defendants collectively filed their waiver of service.  (Doc. No. 11.)  One month later, on November 14, 2022, Defendants filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. No. 12), followed by a supporting brief (Doc. No. 16).  After Defendants filed their motion to dismiss the complaint, Plaintiff filed a motion seeking the appointment of counsel, as well as a supporting brief.  (Doc. Nos. 13, 14.)  Plaintiff has not, however filed a brief in opposition to Defendants' motion to dismiss the complaint, and the time period for doing so has passed. See M.D. Pa. L.R. 7.6 (providing that "[a]ny party opposing any motion . . . shall file a brief in opposition within fourteen (14) days after service of the movant's brief . . . ").  Thus, the parties' motions are ripe for the Court's resolution.

### B.   Factual Background

In accordance with the standard of review for motions to dismiss filed pursuant to Rule 12(b)(6), the Court accepts as true all factual allegations in Plaintiff's complaint and all reasonable inferences that can be drawn from them, and views them in the light most favorable to Plaintiff.  See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).[1]

---

[1]  The Court, having conducted an independent review of this matter, and in an effort to create a clear and comprehensive record, has culled the alleged facts of this case from Plaintiff's complaint (Doc. No. 1) and the documents attached to Plaintiff's complaint (Doc. Nos. 1-1

Plaintiff was transferred to SCI Frackville on May 16, 2022, where he was housed in the Behavioral Management Unit.  (Doc. Nos. 1, 1-1.)  After his arrival to SCI Frackville, Plaintiff told Defendants Wegrzynowicz, Wynder, Wentzel, Kephart, and Boyce that he should not be housed there because he has "active separations" with other inmates at the prison.  (Doc. Nos. 1 at 5, ¶ 2.)  In various inmate request slips attached to the complaint, Plaintiff has identified these inmates as "Zakeem Johnson and Ralphael Spearman."  (Doc. Nos. 1-2 through 1-4.)  And, in at least one other inmate request slip, Plaintiff has also identified inmate "Smith" as being a problematic inmate at SCI Frackville.  (Doc. No. 1-6.)

More specifically, on May 23, 2022, Inmate Smith stated to Plaintiff, "hey faggot Murda said bring your bitch ass out[,]" which—according to Plaintiff—was a reference to inmate Spearman.  (Doc. No. 1 at 5, ¶ 3.)  Plaintiff ignored this remark (id.), but the following day he submitted an inmate request slip to Defendants Wegrzynowicz and Wynder regarding his "safety concerns" (id. ¶ 4); see also (Doc. No. 1-2 (containing the May 24, 2022 request slip)).  Subsequently, on June 13, 2022, Plaintiff submitted another inmate request slip to Defendants Wegrzynowicz, Wynder, Boyce, Wentzel, and Kephart, reiterating his "safety concerns."  (Doc. Nos. 1 at 5, ¶ 5; 1-3.)  And, shortly thereafter, on June 22, 2022, Plaintiff submitted yet another inmate request slip to Defendant Wegrzynowicz and the Program Review Committee, explaining that he was "in fear for [his] safety[.]"  (Doc. Nos. 1 at 5, ¶ 6; 1-4.)  In response to this request slip, Plaintiff was told that he would not be scheduled for any activities where these other inmates would be present.  (Id.)

On July 3, 2022, Plaintiff received an email from inmate Spearman, telling Plaintiff to "come out due to ongoing issues[,]" but Plaintiff did not respond.  (Doc. No. 1 at 5, ¶ 7.)

---

through 1-15).

The following day, on July 4, 2022, inmate Smith "loged [sic] into Plaintiff['s] emails and sent [himself] a message pretending he was Plaintiff."  (Id. at 6, ¶ 9; Doc. No. 1-6 (containing a request slip, wherein Plaintiff stated that he needed his security questions changed because inmate Smith has his password and is sending emails from his account).)

On July 5, 2022, Plaintiff spoke to Defendants Boyce and Wegrzynowicz about going into general population at the prison.  (Doc. Nos. 1 at 6, ¶ 10; 1-7.)  The following day, on July 6, 2022, Plaintiff also spoke to Defendants Omara and Kephart about his safety concerns.  (Doc. No. 1 at 6, ¶ 11.)  And, on July 7, 2022, Plaintiff spoke to Defendant Wynder, Kephart, Omara, Wentzel, and Wegrzynowicz.  (Doc. No. 1 at 6, ¶ 12.)  Plaintiff spoke with these Defendants about his "phase two privileges[,]" and Plaintiff was informed that he would not go to general population if he withdraws grievance number 986463.  (Doc. No. 1-9.)  Plaintiff was also told that he would not be "placed back in handcuffs" if he withdraws this grievance.  (Id.; Doc. No. 1-10.)  Plaintiff seems to suggest that he was being retaliated against for filing grievances and lawsuits against the DOC.  (Id.)

Despite Plaintiff's "continuous safety complaints[,]" on July 16, 2022, "inmate Smith . . . through [sic] an unknown liquid[,] sticking Plaintiff in his left leg."  (Doc. No. 1 at 6, ¶ 15.)  On that same date, "Plaintiff was denied a transfer[.]"  (Id. at 6, ¶ 16.)  And, finally, on July 20, 2022, Plaintiff asked Defendant Wegrzynowicz if he could get the same privileges as inmate "Lewis."  (Id. at 7, ¶ 17.)  According to Plaintiff's grievance dated July 20, 2022, Plaintiff was told that, if he withdraws grievance number 989028, then he could get his keyboard, bucket denture cup, and game time back.  (Doc. No. 1-14.)

In connection with all of these allegations, Plaintiff asserts that he has suffered "mental anguish, emotional distress, [and] emotional anguish."  (Doc. No. 1 at 10.)  In

addition, Plaintiff sets forth the following claims: "equal protection, retaliation, cruel [and] unusual punishment[,] failure to protect[,] unconstitutional conditions of confinement[,] [and] due process."[2]  (Id.)  As for relief, he seeks "lawyer fee's [sic], court cost, [and] 150,000.00"  (Id.)

## II.    LEGAL STANDARD

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests.  See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008).  The plaintiff must present facts that, accepted as true, demonstrate a plausible right to relief.  See Fed. R. Civ. P. 8(a).  Although Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) for its "failure to state a claim upon which relief can be granted."  See Fed. R. Civ. P. 12(b)(6).

When ruling on a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff.  See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).  To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that their claims are facially plausible.  See Iqbal, 556 U.S. at 678; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct: "[W]here the well-pleaded facts do not permit the

---

[2]  As discussed more fully below, Plaintiff has failed to identify which of these claims are asserted against which of the named Defendants, and Plaintiff has further failed to set forth the specific grounds upon which each claim against each Defendant rests.

court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  See Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, the United States Court of Appeals for the Third Circuit ("Third Circuit") has identified the following steps that a district court must take when reviewing a 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief."  See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (internal citations and quotation marks omitted).  The Third Circuit has specified that in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."  See Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

In the context of pro se prisoner litigation, the court must be mindful that a document filed pro se is "to be liberally construed."  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can be dismissed for failure to state a claim only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  See Haines v. Kerner, 404 U.S. 519, 520–21 (1972).

## III.    DISCUSSION

The Court treats Plaintiff's complaint as asserting violations of his First, Eighth, and

Fourteenth Amendment rights pursuant to the provisions of Section 1983.  (Doc. No. 1 at 10.)

Section 1983 provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes
> to be subjected, any citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for redress.

See 42 U.S.C. § 1983.  Thus, "Section 1983 imposes civil liability upon any person who, acting

under the color of state law, deprives another individual of any rights, privileges, or immunities

secured by the Constitution or laws of the United States."  See Shuman v. Penn Manor School

Dist., 422 F.3d 141, 146 (3d Cir. 2005) (citation omitted).  Section 1983 "does not create any

new substantive rights but instead provides a remedy for the violation of a federal constitutional

or statutory right."  See id. (citation omitted).

As discussed above, Defendants have filed a motion to dismiss Plaintiff's Section 1983

claims.  (Doc. Nos. 12, 16.)  In support, Defendants assert two (2) grounds for dismissal: (1)

Plaintiff's complaint fails to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure;

and (2) Plaintiff's complaint fails to state a claim upon which relief can be granted under the

First, Eighth, and Fourteenth Amendments.  (Doc. No. 16 at 3.)  The Court focuses its discussion

on Defendants' Rule 8 argument.

A.      **Rule 8 of the Federal Rules of Civil Procedure**

Rule 8 of the Federal Rules of Civil Procedure sets forth the general rules of pleading. See Fed. R. Civ. P. 8.  Rule 8(a)(2) requires a pleading to contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  See Fed. R. Civ. P. 8(a)(2).  In addition, Rule 8(d)(1) requires that "[e]ach allegation . . . be simple, concise, and direct."  See Fed. R. Civ. P. 8(d)(1).  Generally speaking, these Rules require a plaintiff to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests."  See Phillips, 515 F.3d at 232 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). This pleading standard requires more than legal labels and conclusory assertions: a complaint must include enough facts "to raise a right to relief above the speculative level[.]"  See Twombly, 550 U.S. at 555 (citations omitted).

Defendants argue that Plaintiff's complaint runs afoul of Rule 8(a) because, inter alia, it does not separate into different counts each claim for relief and, instead, asserts multiple claims against multiple Defendants without specifying against which of the Defendants each claim has been asserted.  (Doc. No. 16 at 5.)  Having carefully reviewed the complaint, the Court agrees. As discussed above, Plaintiff's complaint names as Defendants six (6) individuals who work at SCI Frackville.  (Doc. No. 1 at 2–4.)  In addition, Plaintiff's complaint broadly asserts claims of "equal protection, retaliation, cruel [and] unusual punishment[,] failure to protect[,] unconstitutional conditions of confinement[,] [and] due process[.]"  (Id. at 10.)  Plaintiff, however, does not clearly identify which claims are being asserted against which Defendants.  In addition, Plaintiff does not set clearly set forth the grounds upon which each claim against each Defendant rests.  As a result, the Defendants, as well as the Court, are unable to discern exactly

how many different claims Plaintiff is attempting to assert against each Defendant or the factual grounds upon which those specific claims rest.

Accordingly, the Court concludes that Plaintiff's complaint is subject to dismissal for failure to satisfy Rule 8 of the Federal Rules of Civil Procedure.  In reaching this conclusion, the Court reiterates that Plaintiff has not filed a brief in opposition to Defendants' motion to dismiss and, thus, he is deemed not to oppose Defendants' motion or their Rule 8 argument.  See M.D. Pa. L.R. 7.6 (explaining, in relevant part, that any party opposing a motion, who fails to file a brief in opposition within fourteen (14) days after service of the moving party's brief, "shall be deemed not to oppose such motion" (emphasis added)).[3]

## B.    Leave to Amend

The Court must next determine whether Plaintiff should be granted leave to amend his complaint.  Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  See Foman v. Davis, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted).

However, the Court may deny leave to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

---

[3]  Although Defendants have asserted an additional ground for dismissal (i.e., that the complaint fails to state a claim upon which relief can granted), the Court finds that the most appropriate course of action here, as discussed infra, is to instruct Plaintiff to file an amended complaint in order to comply with Rule 8 of the Federal Rules of Civil Procedure so that he can clearly and comprehensively set forth his claims and the grounds upon which those claims rest against each of the named Defendants.

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment[.]"  See id.  The Court may also deny leave to amend where the proposed amendment would be futile—that is, where the pleading, "as amended, would fail to state a claim upon which relief could be granted."  See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) (citations and internal quotation marks omitted).

In accordance with this standard, the Court cannot conclude that it would be futile to grant Plaintiff leave to amend his complaint in order to comply with Rule 8 of the Federal Rules of Civil Procedure.  Accordingly, the Court will grant Plaintiff leave to file an amended complaint. In granting Plaintiff such leave, he is advised that the amended complaint must be complete in all respects.  It must be a new pleading that stands by itself without reference to the original complaint or any other document already filed.  As discussed above, the amended complaint shall set forth Plaintiff's claims in short, concise, and plain statements.  Neither conclusory allegations nor broad allegations will set forth a cognizable claim.  Finally, should Plaintiff file an amended complaint, he is directed to: include factual allegations about each defendant in a single location, rather than throughout the amended complaint; refrain from including factual allegations that are not directly relevant to his claims; identify each claim that is being asserted against each Defendant; and refrain from simply relying on documents attached to the complaint in order to set forth the facts of this case.

## C.     Plaintiff's Motion Seeking the Appointment of Counsel

The final issue before the Court is whether a request for appointed counsel for Plaintiff is warranted at this time.  In his motion seeking the appointment of counsel, Plaintiff asserts that he is indigent and mentally ill, that the issues in this case are complex, and that he has limited knowledge of the law.  (Doc. Nos. 13 at 1; 14 at 3.)  In addition, Plaintiff asserts that he is a

"segregation inmate[,]" has limited access to the prison's law library, and, thus, is unable to appropriately investigate the facts of this case.  (Doc. No. 13 at 1.)  Finally, Plaintiff contends that there will be conflicting testimony in this case.  (Doc. No. 14 at 3.)

The Court begins its discussion with the basic principle that, although indigent civil litigants have no constitutional or statutory right to the appointment of counsel, district courts have broad discretionary power to request appointed counsel for such litigants pursuant to 28 U.S.C. § 1915(e)(1).  See Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002) (citations omitted).  The United States Court of Appeals for the Third Circuit has "outlined a two-step process" that district courts are to follow when deciding whether to request appointed counsel to represent an indigent civil litigant.  See Houser v. Folino, 927 F.3d 693, 697 (3d Cir. 2019).

First, as a threshold inquiry, the district court must consider whether the plaintiff's case has some arguable merit in fact and law.  See Montgomery, 294 F.3d at 498–99 (citations omitted).  Second, if the district court determines that the plaintiff's case has some arguable merit in fact and law, then the district court is to consider other factors, including: (1) the plaintiff's ability to present his own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be required and the plaintiff's ability to pursue such investigation; (4) the extent to which the case is likely to turn on credibility determinations; (5) whether the case will require testimony from expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf.  See Houser, 927 F.3d at 697 (citations omitted).

This list, however, "is not meant to be exhaustive."  See Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993); see also Houser, 927 F.3d at 700 (stating that "[w]e have always emphasized that [these] factors are only a guidepost for district courts in their exercise of the broad statutory discretion granted to them by Congress.  They are not exhaustive, nor are they each always

11

essential"). Rather, the district court must determine on a case-by-case basis whether a request for appointed counsel is warranted. See Tabron, 6 F.3d at 157–58.

Having reviewed Plaintiff's motion, the Court concludes that the appointment of counsel is not warranted at this time. Under the process outlined above, the Court must consider whether Plaintiff's case has some arguable merit in fact and law and, if so, whether the pertinent factors warrant the appointment of counsel. The Court, as discussed above, finds that Plaintiff's complaint is subject to dismissal for failure to satisfy Rule 8 of the Federal Rules of Civil Procedure. Thus, at this point, and until Plaintiff files an amended complaint, the Court cannot say that Plaintiff's case has some arguable merit in fact and law. But, even assuming arguendo that his case has such merit in fact and law, the Court finds that Plaintiff has the apparent ability to read, write, and understand English, as well as the apparent ability to litigate this action pro se, as demonstrated by the filing of his complaint, his motion for leave to proceed in forma pauperis, and his motion seeking the appointment of counsel. (Doc. Nos. 1, 2, 3, 13.) Accordingly, given the Court's duty to liberally construe Plaintiff's pro se pleadings, see Riley v. Jeffes, 777 F.2d 143, 147-48 (3d Cir. 1985), coupled with his apparent ability to litigate this action, the Court concludes that the appointment of counsel is not warranted at this time.

Additionally, with respect to Plaintiff's concerns regarding limited resources at the prison's law library, the Court notes that, if Plaintiff were to need extensions of time to respond to filings and Orders in this matter, which would require a response from him, then he need only request an extension from the Court at the appropriate time. And, finally, in the event that future proceedings would otherwise demonstrate the need for counsel, then the Court may reconsider this matter either sua sponte or upon a motion properly filed by Plaintiff.

**IV.    CONCLUSION**

Accordingly, for all of the foregoing reasons, the Court will grant Defendants' motion to dismiss the complaint for failure to comply with Rule 8(a).  (Doc. No. 12.)  The Court will also grant Plaintiff leave to file an amended complaint in accordance with the Federal Rules of Civil Procedure and the directives of this Memorandum.  Finally, the Court will deny, but without prejudice, Plaintiff's motion seeking the appointment of counsel.  (Doc. No. 13.)  An appropriate Order follows.